41 So.2d 190

**SUTTER v. AMALGAMATED ASS'N OF STREET RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA (LOCAL 1127 OF SHREVEPORT, LOUISIANA) et al.**

**6 Div. 813.**

Supreme Court of Alabama.

June 16, 1949.

Martin, Turner & McWhorter and S. Eason Balch, of Birmingham, for appellant.

John L. Busby and Earl McBee, of Birmingham, for appellees.

BROWN, Justice.

The appeal in this case is from a decretal order of the Circuit Court of Jefferson County, in Equity, dissolving the temporary injunction heretofore issued on the filing of the bill.

The motion to dissolve is rested on want of equity in the bill, the denials of the answer and affidavits touching affirmative allegations in the answer. The cause was submitted on the motion to dissolve the temporary injunction, the verified answer and affidavits in support thereof, on the verified bill and affidavits in support thereof, and exceptions to the defendant's answer.

It appears from the allegations of the bill, the allegations of the answer and affidavits that at the time the appellant, complainant in the court below, acquired the right to operate the bus terminal on the Northeast Corner of the intersection of 4th Avenue and 19th Street, North, in the City of Birmingham, Alabama, there was a strike in progress by the Amalgamated Association of Street Railway and Motor Coach Employees of America (Local 1127 of Shreveport, Louisiana), an affiliate of A. F. L.,

against the Southern Bus Lines, Inc., the owner of said terminal station, arising out of a labor dispute as to wages, hours and working conditions. The said picket line was activated by the individual defendants Rozzelle, Deas and McCreight and other members of said local to maintain and has been maintaining a picket line for a period of several months; that the complainant obtained and took over the operation of said bus terminal and licensed and permitted the Southern Bus Lines, Inc., to continue to use same and the facilities thereof in the operation of its business and that the defendants' labor union continued to maintain such strike and picket line, advertising their grievance in a peaceful manner by carrying banners and walking the sidewalk adjacent to said bus terminal; that there was an absence of violence and there were only a few of the pickets present advertising such grievance at one and the same time. This condition was known to the complainant at the time he negotiated the deal for the operation of said bus terminal.

The complainant also·licensed other carriers to enter and use the said bus terminal and leased concessions to other individuals to sell magazines, fruits and foods in the station. The signs on the banners carried by the pickets were in the following words:

"ON STRIKE
SOUTHERN BUS LINES UNFAIR TO ORGANIZED LABOR

REFUSED ARBITRATION

AMALGAMATED ASSOCIATION OF STREET RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, LOCAL 1127."

On the foregoing facts and the settled law defendants were within the exercise of their constitutional rights and the bill was without equity. Hotel & Restaurant Employees, International Alliance et al. v. Greenwood, 249 Ala. 265, 30 So.2d 696. The defendants being in the exercise of their constitutional rights to picket, and the complainant's voluntary acquisition of the bus terminal and its facilities, while said strike was in progress, any injury resulting from their lawful acts fall within the rule damnum absque injuria. Burnett v. Alabama Power Co., 199 Ala. 337, 74 So. 459.

The decree of the circuit court overruling the complainant's exceptions to the answer of the defendants and dissolving the injunction is free from error and is due to be affirmed. It is so ordered by the Court.

· Affirmed.

FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.